IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VIRGINIA M. BUNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-163 |
| | ) | |
| SHARON BUSH ELLISON, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 10). Defendant's focus in her objections on the protections she seeks to invoke of an expired federal law does not help her avoid a remand of this case. As the Magistrate Judge explained, the Court must review the face of Plaintiff's complaint, not the potential of a federal defense, to determine whether subject matter jurisdiction exists. As Plaintiff filed a dispossessory action based only on state law, and as no diversity jurisdiction has been established, the case must be remanded to the Magistrate Court of Richmond County. See American Homes 4 Rent Properties Eight, LLC ISAOA v. Green, CV 115-068, 2015 WL 5043222, at *2 (S.D. Ga. Aug. 25, 2015) (remanding dispossessory action to Magistrate Court of Columbia County, despite Defendant alleging violations of three federal provisions in petition for removal, because no federal question present on face of Plaintiff's complaint and no diversity jurisdiction established).

Accordingly, the Court **OVERRULES** Defendant's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **REMANDS** this case to the Magistrate Court of Richmond County, State of Georgia, for lack of subject-matter jurisdiction, and **CLOSES** this civil action.

SO ORDERED this 25th day of October, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA